J-S34043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM VICTOR | : | |
| | : | |
| Appellant | : | No. 190 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 6, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0002764-2018

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: October 10, 2023**

William Victor (Appellant) appeals the judgment of sentence entered following his non-jury conviction of one count of simple assault, and two counts each of disorderly conduct and harassment.[1]  We affirm.

On April 28, 2017, Appellant physically assaulted a corrections officer while incarcerated at the State Correctional Institution at Fayette.  N.T., 1/7/20, at 35, 38-39.  At trial, Corrections Officer Joseph Burns testified that Appellant had requested assistance inside of his cell for an overflowing toilet.  *Id.* at 37.  As Officer Burns entered the cell, Appellant struck the officer behind his left ear.  *Id.* at 39.  Officer Burns explained,

> after I was struck[,] I lifted my head and I looked at [Appellant]
> and he drew back another punch and I brought my arms up and I

---

[1] *See* 18 Pa.C.S.A. §§ 2701(a)(1), 5503(a)(1), and 2709(a)(1).

tucked my head to the left and he struck me in the right side of the neck. At that point I realized that I was being assaulted. That's when I realized [Appellant] was actually throwing punches at me.

*Id.* at 38. Officer Burns defended himself by striking Appellant in the face with a closed fist:

My blow … staggered both of us and I fell forward into the cell to my hands and knees. [Appellant] hit his back up against the bunks and then fell forward onto my back. When he fell onto my back[,] he reached his arm around attempting to get to my neck and I tucked my chin down to my chest so he couldn't. Luckily, Sergeant [Richard] Lilley had followed me out onto my pod….

*Id.* A scuffle ensued during which Appellant struck, scratched, and bit Officer Burns and other assisting corrections officers. *Id.* at 40. Appellant refused to comply with the officers' directives. *Id.* The officers ultimately restrained Appellant. *Id.* at 41.

On January 15, 2019,

the Commonwealth filed a Criminal Information charging Appellant with [the above-described charges].

Appellant's six-day, non-jury trial commenced on January 7, 2020. Prior to the second day of trial, on January 8, 2020, Appellant filed a Motion to Dismiss pursuant to Pa.R.Crim.P. 600 and a Motion for a *Grazier*[2] hearing that included a request that his appointed counsel, James V. Natale, Esquire, serve as "of counsel." The court considered Appellant's motion to dismiss and denied it. It also conducted a *Grazier* hearing, after which it permitted Appellant to represent himself, and appointed Attorney Natale [as] standby counsel….

---

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (requiring an on-the-record colloquy to determine whether a defendant's waiver of counsel is knowing, intelligent, and voluntary).

- 2 -

On February 6, 2020, the court convicted Appellant of all charges and imposed an aggregate sentence of 18 to 36 months' imprisonment. [The trial court imposed the new sentences consecutive to his previously-imposed sentences.]

On February 7, 2020, the trial court reappointed Attorney Natale to represent Appellant in his direct appeal.

*Commonwealth v. Victor*, 264 A.3d 339 (Pa. Super. 2021) (unpublished memorandum at 1-2) (one footnote omitted, one footnote added).

On February 18, 2020, Appellant motioned for an extension of time to file his post-sentence motion. The trial court granted Appellant's motion and extended Appellant's filing deadline to March 10, 2020. Trial Court Order, 2/19/20.

On February 25, 2020, Attorney Natale filed a motion to withdraw from his representation of Appellant. The trial court granted Attorney Natale's motion and, on February 27, 2020, the court appointed Bernadette Tummons, Esquire, to represent Appellant. Attorney Tummons did not file a post-sentence motion or a notice of appeal.

Nearly nine months later, on November 9, 2020, Attorney Tummons filed on Appellant's behalf [another] Motion for Extension of Time to File Post-Sentence Motions and for a [h]earing to determine whether the Commonwealth violated [Appellant's speedy trial rights under Pa.R.Crim.P.] 600. Relevantly, Appellant asserted that … he hired private counsel to file post[-]trial motions but that he did not receive copies of same. He did not say who he had hired to file post-trial motions. No such filing appears on the docket of this case. He also asserted that, despite receiving an extension of time, his court-appointed attorney did not file post-trial motions. On November 16, 2020, the [trial] court denied Appellant's Motion.

*Id.* (unpublished memorandum at 3-4) (citations, quotation marks and footnote omitted).

Appellant appealed the trial court's order denying his motion for an extension of time to file post-sentence motions, and the denial of his Pa.R.Crim.P. 600 motion to dismiss. This Court concluded the trial court had erred in not treating Appellant's motion for an extension of time as a timely Post Conviction Relief Act[3] (PCRA) petition. *Id.* (unpublished memorandum at 1, 7). We further concluded the trial court lacked jurisdiction to consider Appellant's Rule 600 motion. *Id.* (unpublished memorandum at 7-8). Consequently, we vacated the trial court's order and remanded for further PCRA proceedings. *Id.* (unpublished memorandum at 7).

On remand, the PCRA court appointed counsel for Appellant. Appellant pursued and ultimately was granted PCRA relief. The PCRA court reinstated Appellant's post-sentence motion and direct appeal rights, *nunc pro tunc*. PCRA Court Order, 9/14/22.

On September 23, 2022, Appellant filed his *nunc pro tunc* post-sentence motion. The trial court denied the motion on December 21, 2022. Trial Court Order, 12/21/22. The trial court's order, however, did not advise Appellant of his appeal rights and the applicable time limits for filing an appeal. *See* Pa.R.Crim.P. 720(b)(4)(a) (requiring that an order denying a post-sentence

_____

[3] *See* 42 Pa.C.S.A. §§ 9541-9546.

motion include notice to the defendant of his right to appeal and the applicable time limits).

On January 27, 2023, Appellant filed a motion requesting permission to file a *nunc pro tunc* notice of appeal. The trial court granted Appellant's motion. Appellant filed the instant appeal on February 15, 2023.

Appellant's notice of appeal, filed more than thirty days after the December 21, 2022, order denying his post-sentence motion, is facially untimely. Pennsylvania Rule of Appellate Procedure 105 provides that

> [a]n appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, **but the court may not enlarge the time for filing a notice of appeal** ….

Pa.R.A.P. 105(b) (emphasis added). The official note to Rule 105 recognizes an exception to this rule: "Subdivision (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud **or breakdown in the processes of a court**." *Id.*, note (emphasis added).

This Court has found a breakdown in the court's processes when the sentencing court "either failed to advise [the] Appellant of his post-sentence and appellate rights or misadvised him." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted); ***see also*** Pa.R.Crim.P. 720(B)(4)(a) (requiring that an order denying a post-sentence motion include notice of the right to appeal and the applicable time limits).

- 5 -

Instantly, the trial court's order denying Appellant's post-sentence motion failed to apprise Appellant of his appeal rights and the applicable time limits for filing an appeal. *See* Trial Court Order, 12/21/22. Because of this breakdown in the court's processes, we decline to quash Appellant's appeal. *See Patterson*, 940 A.2d at 498.

Instantly, Appellant presents the following issues:

I.      Whether the trial court committed an error of law in denying [his] motion to dismiss based upon the Commonwealth's violation of his [Pa.R.Crim.P.] 600 rights for failing to use due diligence to bring his case to trial within 365 days of the filing of the criminal complaint against him?

II.     Whether the verdicts at all counts were against the weight of the evidence?

III.    Whether the sentencing court abused its discretion in sentencing [Appellant] to an aggregate sentence of one and one-half (1½) years to a maximum sentence of three (3) years consecutively to the forty (40) to eighty (80) year sentence [Appellant] was already serving?

Appellant's Brief at 5 (issues renumbered, capitalization modified).

Appellant first challenges the trial court's denial of his Pa.R.Crim.P. 600 motion to dismiss. *Id.* at 12. Appellant details the delays attributable to the defense and the Commonwealth prior to his trial. *Id.* at 13-14. Appellant admits, "it appears that trial commenced with the Commonwealth having **an additional 69 days** to bring [Appellant] to trial for Rule 600 purposes[,] which date would have been March 17, 2020." *Id.* at 14 (emphasis added). Nevertheless, Appellant claims that **his** requested continuances of the preliminary hearing should not be counted against him under Rule 600:

[Appellant] never expressly waived his Rule 600 rights as he would have in the Court of Common Pleas either on the record or by signing his signature to the form motion for continuance to expressly waive said rights. There is no evidence that [Appellant] ever expressly waived his Rule 600 rights for the continuances of the preliminary hearing.

Adding back in the time that ran against [Appellant,] as he never expressly waived his rights for the defense continuances from August 30, 2017 until March 14, 2018 (196 days) and the May 23, 2018 continuance until [the] June 25, 2018 continuance by the [c]ourt (33 days) for a total of 229 days, [Appellant's] trial should have commenced on or before August 1, 2019….

*Id.* at 14-15. We disagree.

We generally review a court's ruling on a Rule 600 motion to dismiss for an abuse of discretion. *Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012). The interpretation of Rule 600, however, is an issue of law subject to our plenary review. *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017).

Our Supreme Court has explained that "Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Bradford*, 46 A.3d at 700. Rule 600 provides, in part, as follows:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

- 7 -

….

**(C) Computation of Time**

(1) For purposes of paragraph (A), **periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence**[4] **shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.**

….

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated….

Pa.R.Crim.P. 600 (emphasis and footnote added).

In a Rule 600 analysis,

the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

***Commonwealth v. Malone***, 294 A.3d 1247, 1249 (Pa. Super. 2023)

(citations omitted). "If the delay occurred as the result of circumstances

_____

[4] "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010).

beyond the Commonwealth's control and despite its due diligence, the time is excluded." **Commonwealth v. Harth**, 252 A.3d 600, 617 (Pa. 2021) (quoting Pa.R.Crim.P. 600, cmt.).

Instantly, Appellant admits his own counsel requested continuances of the preliminary hearing. **See** Appellant's Brief at 13-14 (acknowledging that prior to the preliminary hearing, the defense requested continuances totaling 196 days). These delays were not "caused by the Commonwealth when the Commonwealth has failed to exercise due diligence[,]" and were "beyond the Commonwealth's control[.]" Pa.R.Crim.P. 600(C)(1), cmt. Applying the plain language of Rule 600, the delays caused by Appellant's requested continuances must be added to the adjusted run date for Rule 600 purposes. **Malone**, 294 A.3d at 1249; **see also** 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); Pa.R.Crim.P. 101(C) ("To the extent practicable, [the Rules of Criminal Procedure] shall be construed in consonance with the rules of statutory construction.").

Appellant concedes in his brief, with these delays added, the Commonwealth brought Appellant to trial within 365 days, as required by Rule 600. Appellant's Brief at 14. Consequently, we discern no error by the trial court in denying Appellant's Rule 600 motion to dismiss. Appellant's first claim merits no relief.

In his second issue, Appellant argues the verdicts are against the weight of the evidence. Appellant's Brief at 11. Appellant contends the trial court did not give appropriate weight to the following evidence:

a) [T]he testimony offered by [inmate] Michael Marks that it was the corrections officers that were the aggressors and not [Appellant], **See** Notes of Testimony, Part Two, at 291-297;

b) the weight given to the minimal injuries sustained by the corrections officers did not [support] a finding of "bodily injury"; and

c) the lack of any video evidence showing the alleged incident as it occurred.

**Id.** at 12. Appellant asserts that this evidence "clearly supported a finding of not guilty[,]" or at the very least,

a finding of mitigation due to mutual combat to lower the grading of the simple assault and as this was one incident happening at one time which should have resulted in the dismissal of at least one count of disorderly conduct.

**Id.** (some capitalization modified).

"A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." **Commonwealth v. Landis**, 277 A.3d 1172, 1183 (Pa. Super. 2023) (citations omitted).

An appellate court by its nature stands on a different plane than that of a trial court. Whereas a trial court's decision to grant or deny a new trial is aided by an on-the-scene evaluation of the evidence, an appellate court's review rests solely upon a cold record. Because of this disparity in vantage points an appellate court is not empowered to merely substitute its opinion concerning the weight of the evidence for that of the trial judge. Rather our court has consistently held that appellate review of the trial court's

- 10 -

grant [or denial] of a new trial is to focus on whether the trial judge has palpably abused his discretion, as opposed to whether the appellate court can find support in the record for the jury's verdict....

*Commonwealth v. Brown*, 648 A.2d 1177, 1190 (Pa. 1994) (citation omitted).

One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence. *Landis*, at 1183-84.

A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. … [A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Id.* (citations and quotation marks omitted).

In other words, [a] weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.

*Id.* (citation and quotation marks omitted).

In its Opinion, the trial court rejected Appellant's challenge to the weight of the evidence:

Michael Marks testified during the final day of trial. N.T., Vol. 2, at 291-97. He stated that he heard officers "braggin" and "tormenting" Appellant like "[i]t was a big show that they hurt somebody." *Id.* at 294-95. [Marks] did not, however, testify that

- 11 -

the officers were the aggressors or that they initiated the incident; in fact, he said more than once that he did not actually see what happened. *Id.* The argument that the verdicts are against the weight of this testimony is therefore without merit.

… [Appellant] was convicted of simple assault on Count 1, at which Corrections Officer Burns was listed as the victim. Officer Burns testified at trial that Appellant struck him behind his left ear, then the right side of his neck, that he experienced swelling and redness, and that he did not seek medical treatment. Appellant was charged under 18 Pa.C.S.A. § 2701(a)(1), which only requires that "bodily injury" be attempted or caused for the crime to have occurred. Here, there is evidence that bodily injury indeed was caused to Officer Burns as a result of Appellant's actions. The charge of simple assault as against Sergeant Lilley (Count 2) was dismissed *sua sponte*, and the elements of the remaining charges did not require the Commonwealth to establish there was any bodily injury. The argument that the verdicts are against the weight of the evidence because of "minimal injury" has no merit.

Trial Court Opinion, 3/27/23, at 6.

The trial court further rejected Appellant's challenge to the lack of video

of the altercation in Appellant's cell:

[T]he recorded footage as presented at trial on January 9, 2020[,] captured the time period after the incident in Appellant's cell, starting around 1:01 p.m. N.T., Vol. 1, at 193. The trial court did observe that it would be "nice to see what was going on at 12:58, 12:59." *Id.* at 198. However, the court clearly did not consider the lack of this particular footage sufficient to outweigh the evidence supporting convictions. The argument that the verdicts are against the weight of the evidence because video evidence is lacking has no merit….

*Id.* at 6-7.

After reviewing the record, we discern no abuse of the trial court's

discretion. Although Appellant invites us to reweigh the evidence, that is not

our role as an appellate court. *See Brown*, 648 A.2d at 1190. Appellant's second issue merits no relief.

In his final issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 8. To invoke this Court's jurisdiction, Appellant must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether [A]ppellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (brackets in original).

Here, Appellant preserved his issues in his *nunc pro tunc* post-sentence motion and, as discussed above, his appeal is properly before us. Appellant includes in his brief the required Rule 2119(f) statement. Appellant's Brief at 8. Accordingly, we next review Appellant's Rule 2119(f) statement to determine if he presents a substantial question regarding his sentence.

A substantial question exists when an appellant raises a colorable argument that the sentence imposed is either "inconsistent with a specific provision of the Sentencing Code" or is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Andrews*, 213 A.3d 1004, 1017 (Pa. Super. 2019). **"[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f)**

- 13 -

**statement to determine whether a substantial question exists."** ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

In his statement of questions, Appellant claims the trial court abused its discretion in sentencing Appellant to consecutive sentences. ***See*** Appellant's Brief at 5, ¶ I. In his separate Pa.R.A.P. 2119(f) statement, Appellant provides the standard by which we review sentencing claims. ***Id.*** at 8. Appellant additionally states:

> [] Appellant must meet two requirements before a challenge to the judgment of sentence will be heard. First, [] Appellant must set forth a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). Second, he must show that there is a substantial question that the sentence is not appropriate under the sentencing guidelines. 42 Pa.C.S.A. § 9781(b); ***Commonwealth v. Rosetti***, 863 A.2d 1185, 1194 (Pa. Super. 2004). A substantial question is raised when the [a]ppellant articulates plausible reasons his sentence is either inconsistent with a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Mouzon***, 812 A.2d 617, 622 (Pa. 2002). Here, [] Appellant satisfies these requirements.

***Id.*** Appellant's Rule 2119(f) statement offers no further reasons why his sentence is inappropriate under the Sentencing Code, or why his sentence violated the fundamental norms underlying the sentencing process. ***See id.*** As such, Appellant's Rule 2119(f) statement fails to present a substantial question. ***See Provenzano***, 50 A.3d at 154.

Even if Appellant's Rule 2119(f) statement presented a substantial question, we would conclude Appellant's sentencing claim merits no relief. In

his argument section, Appellant claims the trial court improperly imposed consecutive sentences, which resulted in an excessive aggregate sentence. Appellant's Brief at 9. Appellant argues the sentencing court improperly focused on the serious nature of the crimes, rather than the considerations mandated by the Sentencing Code. *Id.* According to Appellant,

> [i]mposing a consecutive sentence to an already minimum sentence of forty (40) years discounts the possibility of rehabilitation and almost guarantees [that Appellant] is removed from society for pretty much the entirety of his working and adult life, precluding the possibility of him ever becoming a contributing member of society….

*Id.* at 11. Appellate claims the imposition of a consecutive sentence to his aggregate 40-year minimum sentence is manifestly excessive. *Id.*

Our standard of review of a discretionary sentencing claim is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "[W]hen imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

The Pennsylvania Supreme Court has explained the reason for our deferential review:

> [T]he sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (citations omitted).

"Pennsylvania law affords the [trial] court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013). "[An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

Our review discloses the trial court's consecutive aggregate sentence of 18 to 36 months, added to his previously imposed 40- to 80-year aggregate sentence for burglary, robbery, and rape, is not excessive under the circumstances. As the trial court explained:

> The record shows that Appellant was sentenced at Count 1 for a misdemeanor of the second degree[,] and at Count 4 for a misdemeanor of the third degree. Under 18 Pa.C.S.A. § 1104, the maximum sentence for a misdemeanor of the second degree is two (2) years, and the maximum sentence for a misdemeanor of the third degree is one (1) year. Appellant's sentence therefore

was within the statutory range. The decision to set the sentence as consecutive to Appellant's existing sentence was well within the court's discretion and does not misapply the law, demonstrate partiality, nor is it manifestly unreasonable….

Trial Court Opinion, 3/27/23, at 5. We discern no abuse of the trial court's discretion. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2013) (recognizing the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." (citation omitted)). Even if Appellant had preserved this claim, it merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/10/2023