J-S27045-22

2023 PA Super 78

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PHILLIP MALONE | : | No. 425 EDA 2022 |

Appeal from the Order Entered January 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001087-2021

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                                    **FILED MAY 9, 2023**

The Commonwealth appeals from the trial court order granting the motion of Phillip Malone ("Malone") to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600. We reverse.

The relevant factual and procedural history of this case is as follows:

On April 29, 2020, [Malone] was charged with[, *inter alia*,] [p]ossession with [i]ntent to [d]eliver[, 35 P.S. § 780-113(a)(30), and aggravated assault, 18 Pa.C.S.A. § 2702(a)(1)] . . .. On June 4, 2020, [Malone] was arrested and arraigned . . ..

* * * *

On January 9, 2022, [Malone] filed a [m]otion to [d]ismiss pursuant to Pa.R.Crim.P. 600. On January 12, 2022, after a hearing[,] with argument from both sides, th[e c]ourt granted [Malone's] [m]otion, [and] dismiss[ed] all charges with prejudice pursuant to Pa.R.Crim.P. 600.

* * * *

The Commonwealth filed this timely . . . appeal on January 27, 2022.

Trial Court Opinion, 3/28/22, at 2-3. Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.

The Commonwealth presents the following issue for our review:

> Did the lower court abuse its discretion by dismissing all charges under Rule 600, where our Supreme Court and the First Judicial District had explicitly suspended Rule 600 for a judicial emergency from the date the criminal complaint was filed through October 1, 2021, and where only [approximately] 104 days elapsed between October 1, 2021 and the date of the lower court's order dismissing the charges?

Commonwealth's Brief at 4.

Our standard of review for Rule 600 issues is as follows: "In general, a trial court's denial of a Rule 600 motion is reviewed for an abuse of discretion; however, it is subject to plenary review when the dispositive question implicates legal issues." **Commonwealth v. Lear**, 2023 PA Super. 15 at *7 (Pa. Super. 2023) (citing **Commonwealth v. Harth**, 252 A.3d 600, 614 n.3 (Pa. 2021) (internal quotations omitted)).

Rule 600, in relevant part, provides:

> **(A) Commencement of Trial; Time for Trial**
>
> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.
>
> (2) Trial shall commence within the following time periods.
>
> (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
>
> * * * *

- 2 -

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * * *

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

* * * *

Pa.R.Crim.P. 600. In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. *See Lear*, 2023 PA Super. 15 at *7 (citing, *inter alia*, Pa.R.Crim.P. 600(A)(2)(a)). The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). *See Lear*, 2023 PA Super. 15 at *7. If a defendant is not brought to trial by the adjusted run date, the case is dismissed. *See id*.

The gravamen of the Commonwealth's argument is that the trial court erred in dismissing Malone's charges because the President Judge of the First Judicial District issued orders suspending Rule 600 due to the judicial

emergency arising from the COVID-19 pandemic. This Court has recently had the opportunity to set forth the relevant law:

> ***Harth*** and [***Commonwealth v.*] *Carl*[, 276 A.3d 743 (Pa. Super. 2022)] frame the inquiry for the effect of emergency orders on Rule 600. If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence. [*See*] *Carl*, 276 A.3d at 751. Alternatively, if an order characterizes a delay as a court postponement, then that period is only excluded if the trial court determines after a hearing that the Commonwealth exercised due diligence through the life of the case.

*Lear*, 2023 PA Super. 15 at *8.

The Commonwealth maintains the trial court erred in dismissing the charges against Malone because "[a] series of orders issued by the Pennsylvania Supreme Court and the President Judge of the First Judicial District expressly directed that Rule 600 was suspended for a judicial emergency during the vast majority of the relevant time period." Commonwealth's Brief at 12. The Commonwealth argues that once the time periods during which Rule 600 was suspended are excluded from the Rule 600 computation, fewer than 365 days of "potentially includable time" remained when the trial court discharged Malone, and so the trial court's order granting the motion was "flatly erroneous." *Id*. The Commonwealth emphasizes that, because Rule 600 was suspended, it was not required to prove due diligence. *See id*. at 13-14. The Commonwealth notes that our Supreme Court suspended Rule 600 from March 18, 2020 until June 1, 2020, and, further, the President Judge of the First Judicial District extended the suspension of

the order from June 1, 2020, through October 1, 2021. *See id*. at 14-15.

The Commonwealth contends that the operation of Rule 600(C) was suspended for 521 days between the filing of the complaint against Malone on April 29, 2020 and the lifting of the Rule 600 suspension on October 1, 2021. *See id*. Accordingly, those 521 days should be excluded from the Rule 600 computation. *See id*. at 16. The Commonwealth concludes that once the 521 days are excluded from the Rule 600 computation, approximately 104 days remained, and, therefore, the trial court erred in dismissing the charges pursuant to Rule 600.

> The trial court explained its ruling, in relevant part, as follows:

> The final adjusted run date for purposes of Pa.R.Crim.P. 600 remained August 5, 2020 [sic]. As of January 12, 2022, a total of six hundred twenty-four (624) days had elapsed between the date the [c]omplaint was filed on April 29, 2020 and the dismissal of all charges with prejudice pursuant to Pa.R.Crim.P. 600. Of those six hundred twenty-four (624) days, five hundred twenty-seven (527) days are attributable to the Commonwealth. This is well over the three hundred sixty-five (365) days prescribed under Pa.R.Crim.P. 600. Although the Commonwealth contends that the Court erred when it disregarded a series of declarations of judicial emergency for COVID-19 "suspend[ing] time calculations" for purposes of Pa.R.Crim.P. 600, the Commonwealth ignores the due diligence requirements set forth in . . . *Harth* . . .. The Commonwealth failed to demonstrate compliance with the obligation to act with due diligence throughout the life of the case.

Trial Court Opinion, 3/28/22, at 9-10.

Following our review, we conclude the trial court committed an error of law insofar as it required the Commonwealth to prove due diligence for periods during which Rule 600 had been unambiguously suspended in Philadelphia

- 5 -

County. This Court has held that, "[i]f an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence." *Lear*, 2023 PA Super. 15 at *8.

In *Lear*, following several emergency orders suspending Rule 600, Montgomery County opted to rescind these emergency orders and thereafter treat emergency-related delays as "court postponements." 2023 PA Super. 15 at *8. Because Montgomery County decided to treat emergency-related delays as court postponements, we held that "[f]or such judicial delay to be excluded from the Rule 600(C) computation, the trial court must find that the Commonwealth exercised due diligence." *See id*. (citing *Harth*, 252 A.3d at 618). As the disputed time in *Lear* included several months of "court postponement[s]," rather than unambiguous Rule 600 suspensions, we remanded the case for a Rule 600 hearing, where the Commonwealth would be required to prove its due diligence for the periods of time after Montgomery County rescinded its orders suspending Rule 600 without qualification, notwithstanding that the disputed time included court postponements. *See Lear*, 2023 PA Super. 15 at *9.

Here, conversely, the President Judge of Philadelphia County issued a series of orders, authorized by the Pennsylvania Supreme Court, suspending

Rule 600 from March 17, 2020 until October 1, 2021.[1] The first such order, Administrative Order No. 9 of 2020, issued on March 17, 2020, declared a judicial emergency in the First Judicial District of Pennsylvania from March 17, 2020 to April 1, 2020, and unambiguously provided: "Additionally, the operation of Rule of Criminal Procedure 600 shall be suspended in the First Judicial District during the period of the local judicial emergency." Order, 3/17/20. On April 1, 2020, Philadelphia County extended the March 17, 2020 emergency declaration until May 1, 2020, and again stated that "[t]he operation of Rule of Criminal Procedure 600 shall be suspended in the First Judicial District during the period of local judicial emergency." Order, 4/1/20. On April 22, 2020, Philadelphia County extended Administrative Order No. 9 of 2020 from May 1, 2020 "through the close of business on May 29, 2020." Order, 4/22/20. Following a request by Philadelphia County for an extension

---

[1]COVID-19-related court orders are available at: https://www.pacourts.us/ujs-coronavirus-information. We note that our Supreme Court suspended Rule 600 from March 18, 2020 through "at least" June 1, 2020. *See In re Gen. Statewide Judicial Emergency*, 230 A.3d 1015, 1019 (Pa. 2020); *accord Lear*, 2023 PA Super. 15 at *9 n.7. The Supreme Court also authorized president judges of judicial districts to declare judicial emergencies and suspend Rule 600 on March 16, 2020. *See In re General Statewide Judicial Emergency*, 228 A.3d 1281, 1282 (Pa. 2020); *accord Lear*, 2023 PA Super. 15 at *9. Our Supreme Court stated, "The purport of the suspension will be that the time period of the local judicial emergency . . . shall be excluded from the time computation under Rule of Criminal Procedure 600(C)." *In re General Statewide Judicial Emergency*, 228 A.3d at 1282.

of the judicial emergency,[2] our Supreme Court issued an order stating: "[W]e grant the President Judge's request to continue suspending Rules of Criminal Procedure 600 and 1013 . . . through August 31, 2021." Order, No. 21 EM 2020, 7/2/21. Philadelphia County, on August 20, 2021, again requested that our Supreme Court suspend Rule 600, after which the Supreme Court issued an order stating, "The President Judge of the Court of Common Pleas of Philadelphia County is authorized to suspend Rule of Criminal Procedure 600 . . . through October 1, 2021." Order, No. 21 EM 2020, 8/23/21. Accordingly, Rule 600 was unambiguously suspended in Philadelphia County from March 17, 2020 through October 1, 2021, and, therefore, that time period is to be added to the run date without considering the Commonwealth's due diligence. *See Lear*, 2023 PA Super. 15 at *8.

Here, the Criminal Complaint was filed against Malone on April 29, 2020, while Rule 600 was unambiguously suspended, and the Commonwealth was

---

[2] Philadelphia's request to the Supreme Court stated, in relevant part:

> In that there has been confusion . . . confirm the continued suspension of Rule of Criminal Procedure 600 to August 31, 2021 so that the time period between March 17, 2020 and August 31, 2021 *shall be excluded from the time calculations*, and shall not be attributed to the Commonwealth or to the Defendant.

Request Pursuant to Pa.R.J.A. 1952(B)(2)(m), 6/25/21, at ¶ 1(a) (emphasis added). *Cf*. Malone's Brief at 14 (alleging that although "Rule 600 was *suspended*[] in the Philadelphia Court of Common Pleas[, t]he time period was never ordered excluded by the First Judicial District") (emphasis in original).

not required to prove due diligence during the suspension. The Rule 600 computation, thus, did not begin until Rule 600 was no longer unambiguously suspended, *i.e.*, after October 1, 2021. Malone filed his Rule 600 motion to dismiss on January 9, 2022. **See** Petition to Dismiss the Information Pursuant to Pa.R.Crim.P. 600(A), 1/9/22. The trial court granted his motion and discharged him on January 12, 2022. As of January 12, 2022, 103 days had passed since the expiration of the Rule 600 suspension following October 1, 2021.[3] Accordingly, Malone's Rule 600 motion was premature, and the trial court erred in granting it. We therefore reverse the order granting the motion and reinstate the charges.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023

---

[3] Stated otherwise, 624 days passed from April 29, 2020 through January 12, 2022. Rule 600 was unambiguously suspended from March 17, 2020 through October 1, 2021; therefore, the total number of days during which Rule 600 was suspended, from April 29, 2020 through October 1, 2021, was 521 days. Subtracting the excludable time, 521 days, from the total number of days (624) equals 103 days, well under Rule 600's 365-day requirement.