J-S23038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SHARRON LOWRY | : | |
| | : | |
| Appellee | : | No. 2404 EDA 2022 |

Appeal from the Order Entered August 29, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001539-2022

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 26, 2023**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion of Appellee, Sharron Lowry, to dismiss all charges against him under Pa.R.Crim.P. 600.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On February 25, 2021, the Commonwealth charged Appellee with possessing a controlled substance with intent to deliver, criminal conspiracy, possessing a firearm by a prohibited person, possessing a firearm with an altered manufacturer's number, carrying a firearm without a license, possession of a controlled substance, carrying a firearm in public, and possessing an

instrument of crime.[1]  After several continuances, a preliminary hearing was conducted on March 1, 2022.  On August 26, 2022, Appellee filed a motion to dismiss the charges pursuant to Rule 600.  On August 29, 2022, the court held a hearing on Appellee's Rule 600 motion, after which the court granted Appellee relief.   The Commonwealth filed a timely notice of appeal on September 19, 2022.  The court subsequently ordered the Commonwealth to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and the Commonwealth timely complied on September 29, 2022.

The Commonwealth raises one issue on appeal:

> Did the [trial] court err by dismissing all charges under Rule 600, where statewide and local court orders unambiguously suspended Rule 600(C) for a judicial emergency from the date the criminal complaint was filed through October 1, 2021, and where only 149 days between October 1, 2021 and the date that the [trial] court dismissed the charges were includable?

(Commonwealth's Brief at 4).

Our standard of review of a Rule 600 decision is as follows: "In general, a trial court's [ruling on] a Rule 600 motion is reviewed for an abuse of discretion; however, it is subject to plenary review when the dispositive question implicates legal issues." ***Commonwealth v. Malone***, 294 A.3d 1247, 1248 (Pa.Super. 2023) (quoting ***Commonwealth v. Lear***, 290 A.3d

---

[1] ***See*** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(c), 6105(a)(1), 6110.2(a), 6106(a)(1); 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. §§ 6108, and 907(a), respectively.

709, 718 (Pa.Super. 2023), *appeal granted*, 2023 WL 6416182 (Pa. Oct. 3, 2023)).

The Commonwealth argues that the trial court erred in granting Appellee's motion to dismiss because the court improperly applied a due diligence analysis and failed to exclude from the speedy trial calculation the time where Rule 600 had been suspended due to the COVID-19 pandemic. Specifically, the Commonwealth argues that although 550 calendar days had passed between the filing of the complaint and the dismissal of charges, most of that time was excludable. Relying on this Court's holdings in **Lear, supra** and **Malone, supra**, the Commonwealth insists that the statewide judicial and local orders unambiguously suspended Rule 600 without qualification until October 1, 2021; therefore, the trial court was required to exclude the first 218 days of pre-trial proceedings. When those days are taken into consideration, along with the 181 days after October 1, 2021 that the trial court found were attributable to excusable delay, the Commonwealth maintains that only 149 days had passed, well within Rule 600's requirements. The Commonwealth concludes the trial court erred in granting the Rule 600 motion, and this Court must reverse and remand for further proceedings. We agree relief is due.

Pennsylvania Rule of Criminal Procedure 600 provides, in relevant part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case

to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*　　\*　　\*

## (C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

(2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the

> computation of the time within which trial must commence in accordance with this rule.
>
> (b) The determination of the judge or issuing authority is subject to review as provided in paragraph (D)(3).
>
> **(D) Remedies**
>
> (1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated.  A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing.  The judge shall conduct a hearing on the motion.
>
> $*$  $*$  $*$

Pa.R.Crim.P. 600.

In March 2020, at the onset of the COVID-19 pandemic, our Supreme Court issued several statewide judicial emergency orders that, among other things, suspended Rule 600 until at least June 1, 2020.[2]  In **Lear, supra**, this Court discussed the implications of the COVID-19 related statewide judicial orders suspending Rule 600.  Specifically, this Court considered how the statewide orders, and the local emergency orders in Montgomery County, affected a defendant's motion to dismiss for Rule 600 purposes.  We held:

---

[2] **See In re Gen. Statewide Judicial Emergency**, 659 Pa. 27, 230 A.3d 1015 (2020).  The Supreme Court also authorized president judges of judicial districts to declare judicial emergencies and suspend Rule 600 on March 16, 2020.  **See In re General Statewide Judicial Emergency**, 658 Pa. 426, 228 A.3d 1281 (2020).  COVID-19 related court orders are available at: https://www.pacourts.us/ujs-coronavirus-information.

> **If an order unambiguously suspends Rule 600 without qualification, then the period of the suspension is added to the run date without considering the Commonwealth's diligence.** [***Commonwealth v. Carl***, 276 A.3d 743, 751 (Pa.Super. 2022)].  Alternatively, if an order characterizes a delay as a court postponement, then that period is only excluded if the trial court determines after a hearing that the Commonwealth exercised due diligence through the life of the case.  [***Commonwealth v. Harth***, ___ Pa. ___, 252 A.3d 600 (2021)].

***Lear, supra*** at 719 (emphasis added).

In ***Malone, supra***, this Court applied the holding in ***Lear*** to the orders issued by the President Judge of Philadelphia County that suspended Rule 600 from March 17, 2020 until October 1, 2021:

> The first such order, Administrative Order No. 9 of 2020, issued on March 17, 2020, declared a judicial emergency in the First Judicial District of Pennsylvania from March 17, 2020 to April 1, 2020, and unambiguously provided: "Additionally, the operation of **Rule of Criminal Procedure 600 shall be suspended in the First Judicial District during the period of the local judicial emergency**."  Order, 3/17/20.  On April 1, 2020, Philadelphia County extended the March 17, 2020 emergency declaration until May 1, 2020, and again stated that "[t]he operation of **Rule of Criminal Procedure 600 shall be suspended** in the First Judicial District during the period of local judicial emergency."  Order, 4/1/20.  On April 22, 2020, Philadelphia County extended Administrative Order No. 9 of 2020 from May 1, 2020 "through the close of business on May 29, 2020."  Order, 4/22/20.  Following a request by Philadelphia County for an extension of the judicial emergency, our Supreme Court issued an order stating: "[W]e grant the President Judge's request to continue suspending Rules of Criminal Procedure 600 and 1013…through August 31, 2021."  Order, No. 21 EM 2020, 7/2/21.  Philadelphia County, on August 20, 2021, again requested that our Supreme Court suspend Rule 600, after which the Supreme Court issued an order stating, "The

> President Judge of the Court of Common Pleas of Philadelphia County is authorized to suspend Rule of Criminal Procedure 600...through October 1, 2021." Order, No. 21 EM 2020, 8/23/21. **Accordingly, Rule 600 was unambiguously suspended in Philadelphia County from March 17, 2020 through October 1, 2021**[.]

*Malone, supra* at 1250-51 (emphasis added) (footnote omitted). Thus, the *Malone* Court held that because Rule 600 was unambiguously suspended from March 17, 2020 through October 1, 2021, "that time period is to be added to the run date without considering the Commonwealth's due diligence." *Id.* at 1251 (citing *Lear, supra* at 720).

Instantly, the trial court relied on *Harth, supra* and considered whether the Commonwealth had met its obligation to act with due diligence throughout the life of the case. Specifically, the trial court recognized that 550 days had elapsed between the filing of the complaint and the Rule 600 hearing. Of this time, the court found that only 147 days were excludable.[3]

Nevertheless, the trial court erred in its calculation by not excluding the days where Rule 600 was unambiguously suspended by statewide and local judicial orders. Appellee's case fell under the jurisdiction of the First Judicial District in Philadelphia, where Rule 600 was unambiguously suspended from

---

[3] The court found that the 98 days from October 5, 2021 to January 11, 2022 were excludable because of a court continuance. The court also found that 31 days from January 11, 2022 through February 11, 2022 were excludable because a police witness for the Commonwealth was sick. The court further found that the 18 days from February 11, 2022 to March 1, 2022 were excludable based on a defense continuance.

March 17, 2020 through October 1, 2021. ***See Malone, supra***. Accordingly, all days that fell within that time were to be added to the run date without considering the Commonwealth's due diligence during that time. ***See id.*** at 1252; ***Lear, supra*** at 720.

Here, the Commonwealth filed its criminal complaint against Appellee on February 25, 2021, while Rule 600 was unambiguously suspended. Appellee filed his motion to dismiss on August 26, 2022, and the trial court granted the motion and dismissed the charges against Appellee on August 29, 2022. As of August 29, 2022, only 332 days had elapsed since the October 1, 2021 expiration of the Rule 600 suspension.[4] Accordingly, Appellee's Rule 600 motion was premature, and the trial court erred in granting it. Therefore, we reverse the order granting Appellee's Rule 600 motion and reinstate the charges.

Order reversed. Case remanded for further proceedings. Jurisdiction is relinquished.

---

[4] Moreover, when accounting for the other time the court decided was excludable that took place after expiration of the Rule 600 suspension, even fewer days had elapsed for Rule 600 purposes.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/26/2023