J-S47009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS K. HOLLY | : | |
| | : | |
| Appellant | : | No. 1776 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 21, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0000871-2023

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED MARCH 6, 2026**

Marcus K. Holly appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on May 21, 2024, following his convictions for simple possession and possession with the intent to deliver ("PWID").[1] On appeal, Holly challenges the trial court's denial of his pretrial motion to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600 ("Rule 600"). After careful review, we affirm.

As this case involves the application of Rule 600, we need not recite the facts underlying the crimes charged. For purposes of this appeal, we note that on June 30, 2022, a criminal complaint was filed charging Holly with multiple

_____

[1] 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(30).

drug possession and firearm charges following a traffic stop of Holly's vehicle during which narcotics were found in Holly's vehicle.

On July 20, 2022, the preliminary hearing was continued by defense request due to the unavailability of defense counsel. On September 16, 2022, the preliminary hearing was again continued, by Commonwealth request, when a necessary police officer witness failed to appear. On October 19, 2022, at the rescheduled preliminary hearing, the police officer witness checked in with the courtroom but was testifying in another courtroom when the case was called. Accordingly, the Commonwealth withdrew the charges at that time.

On November 30, 2022, the Commonwealth refiled the complaint. On December 22, 2022, the preliminary hearing was continued by defense request, due to defense counsel's unavailability. A preliminary hearing was finally held on January 31, 2023 and discovery was marked as complete on February 8, 2023.

On May 7, 2023, Holly filed an omnibus pre-trial motion to suppress the evidence against him, arguing the officer who conducted the traffic stop lacked reasonable suspicion to detain Holly, and lacked probable cause to search Holly, his bag, and his vehicle, and thereafter arrest him. Accordingly, Holly sought suppression of all physical evidence obtained from the search.

On September 18, 2023, on the date scheduled for a waiver trial, the police officer witness, who had been present in the courtroom, left without

notice to the Commonwealth or leave of the trial court. Accordingly, the waiver trial was continued.

On January 23, 2024, Holly filed a motion to dismiss the case against him pursuant to Rule 600, alleging he was entitled to dismissal because "485 days of Rule 600 time has elapsed since the filing of the complaint, and the Commonwealth has not been duly diligent in bringing [Holly] to trial." Rule 600 Motion to Dismiss, 1/23/24, at 3-4. Specifically, Holly argued that the Commonwealth had been repeatedly not ready for trial because "witnesses failed to appear and left court without permission …" *Id.* at 4.

On January 24, 2024, a Rule 600 hearing was held. Defense counsel argued it had been 573 days since the complaint had been filed, and that without time attributable to defense continuances, 485 days were attributable to either normal progression or the Commonwealth. *See* N.T., Motion Hearing, 1/24/24, at 3, 7. Defense counsel argued the Commonwealth was not duly diligent in bringing him to trial based on three preliminary hearing continuance requests due to the police officer witness either failing to appear or leaving without notice. *See id.* at 8. Defense counsel asserted it is not just the district attorney who must be duly diligent, but the Commonwealth of Pennsylvania as a whole, and that a police officer is an arm of the Commonwealth. *See id.* at 8-9. Accordingly, defense counsel argued the Commonwealth was not duly diligent because the police officer was not diligent. *See id.*

The Commonwealth argued they acted with due diligence, and presented and marked for evidence the subpoena forms for the second and third trial listings to show that the police officer witness had been subpoenaed to be there and be available for those dates. ***See id.*** at 11.

In response, defense counsel stated he reviewed the subpoena forms, and conceded that the officer had been subpoenaed on September 16 and October 19. ***See id.*** at 12. Defense counsel admitted that there was proof that the officer was subpoenaed and accordingly the district attorney's office was possibly duly diligent. ***See id.*** at 13. Defense counsel argued, however, that the Commonwealth "in its entirety" must be diligent, and that the police department is an arm of the Commonwealth. ***See id.***

The trial court stated it was denying the Rule 600 motion. The trial court concluded it could not blame the district attorney, who had subpoenaed the officer, for the officer's decision to leave. ***See id.*** at 14; ***see also id.*** at 15 ("I can't say that … the Commonwealth [] said for them to leave. They just basically did that on their own. They kind of went rogue. They know that when you get a subpoena, you're supposed to come here and be here from 9:00 to 5:00 if that's what we need you to do, that's what you're supposed to do."). The court explained that it could not find that the district attorney had the ability to control the police officers; aside from subpoenaing the officers, there was nothing else that the Commonwealth could have done to assure the presence of the police officers. The trial court stated:

And I don't know that the DA really has the ability to control the police officers. If they come - - if they get their subpoena and they decide not to come . . . It's not, you know what I'm saying? It's not they can go and pick them up. If they come and they leave, you know, they're doing cases and they go out to the anteroom and they're gone.

*See id.* at 16-17

Following the Rule 600 hearing, the court immediately proceeded to a suppression hearing. After taking testimony from the officer who conducted the traffic stop, the court granted suppression of a gun, but denied suppression of marijuana found during the search. The parties agreed to incorporate the suppression hearing in order to proceed directly to a bench trial. Following additional testimony from Holly and a detective who executed a search warrant on Holly's vehicle, the court found Holly guilty of simple possession and PWID. The remaining charges were *nolle prossed*. On May 21, 2024, the court sentenced Holly to 18 months' reporting probation. This timely appeal followed.

On appeal, Holly raises the single issue of whether the trial court erred in denying his pretrial motion to dismiss pursuant to Rule 600. Our standard of review of a trial court's denial of a Rule 600 motion is as follows:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ... courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023) (citation, brackets, and emphasis omitted).

Generally, under Rule 600, the Commonwealth must bring a defendant to trial within 365 days of filing the criminal complaint. *See* Pa.R.Crim.P. 600(A)(2)(a).

In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

- 6 -

***Commonwealth v. Malone***, 294 A.3d 1247, 1249 (Pa. Super. 2023) (citations omitted). In determining the adjusted run date, Rule 600 further explains:

> periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1); ***see also*** Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

Importantly, we note that, in 2012, the Pennsylvania Legislature enacted the new Rule 600, as outlined above, effective as of July 1, 2013. The general dictates of the new Rule 600 remained the same as they were prior to adoption, but the prior distinctions between excludable time and excusable delay were abandoned for a streamlined review of the Commonwealth's due diligence, with a failure to exercise due diligence being considered "includable time." ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021) (citation omitted).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." ***Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024)

(citations and internal quotation marks omitted). The **_Lear_** Court clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **_Id._** at 560 n.7.

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." **_Commonwealth v. Selenski_**, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). Due diligence must be demonstrated by a preponderance of the evidence. **_See Wiggins_**, 248 A.3d at 1289. Rule 600 "expressly calls upon a trial court to assess the Commonwealth's due diligence throughout the life of a case, when faced with a claim that the Commonwealth violated a defendant's speedy trial rights." **_Commonwealth v. Harth_**, 252 A.3d 600, 617 (Pa. 2021).

Addressing the second sentence of Rule 600(C)(1), the **_Lear_** Court explained that "'any other periods of delay'—meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence—are 'excludable' and are removed from the computation of the Rule 600 deadline." **_Lear_**, 325 A.3d at 560 (brackets and citation omitted).

Here, the mechanical run date—365 days from the date of the filing of the complaint—was June 30, 2023. Holly concedes that the defense caused periods of delay totaling 144 days, leading to an adjusted run date of November 21, 2023. **_See_** Appellant's Brief, at 11. Holly argues this still leaves

429 days of includable time, chargeable to normal progression of the case or the Commonwealth, in violation of Rule 600. Holly's argument implicates three disputed timeframes:

1. September 16, 2022: Commonwealth continuance-its officer left the courtroom "without permission or notice."

2. October 19, 2022: Commonwealth withdrew prosecution when its officer again failed to appear and refiled over a month later.

3. September 18, 2023: Commonwealth continuance-trial was delayed 128 days after the officer left the courtroom at 11:12 a.m.

*Id.*

The substance of Holly's argument is distilled on only one page of his brief, and hinges on his assertion that although the Commonwealth marked police witness subpoenas as "C-1" for support at the Rule 600 hearing, no documents were actually admitted into evidence. Holly seems to argue that, because the subpoenas apparently do not appear in the record as an exhibit, that there is no evidence physically in the record to prove the Commonwealth's argument—that witness unavailability was beyond its control—and that legal argument or prosecutorial statements alone are not sufficient to prove Rule 600 diligence. *See* Appellant's Brief, at 12 ("Prosecutorial statements are not evidence, and Rule 600 diligence cannot be proven by bald assertions." *See Commonwealth v. Ehredt*, 401 A.2d 358, 360—61 (Pa. 1979) ("[A] bare statement by the Commonwealth's attorney that several witnesses are 'unavailable,' without more, does not establish 'due diligence' within that

standard."); *see also Commonwealth v. Peterson*, 19 A.3d 1131, 1138 (Pa. Super. 2011) (en banc) (unavailability must be supported by evidence; the Commonwealth acts with due diligence when it issues subpoenas for officer-witnesses, albeit that the officer-witnesses do not appear.).

At the Rule 600 hearing, the Commonwealth presented the 590 / subpoena forms for the police officer witness to appear at the second and third trial listings, to show that they had been duly diligent in making sure the officer was subpoenaed and available for those dates to get the case moving forward. *See* N.T., Motions Hearing, 1/24/24, at 11. In response, defense counsel stated he was reviewing the forms, and thereafter conceded that the officer had been subpoenaed on September 16 and October 19. *See id.* at 12; *see also id.* at 13 ("And when you look at those two dates where we have proof that the officers were subpoenaed on 9/16 and it says police officer was present but left without permission or notice. And then you have the October 19th where we also have the officer subpoenaed and it says police officer failed to appear.").

Accordingly, defense counsel did not dispute the existence of the subpoenas, and did not object to their admission. Instead, defense counsel's only argument was that the police department is an arm of the Commonwealth, so even if the District Attorney's office were duly diligent by issuing the subpoenas, the police department was not duly diligent, and therefore the Commonwealth as a whole was not duly diligent. *See id.* at 13.

Based on Holly's concessions during the hearing, we find his current argument that the subpoenas essentially do not exist for Rule 600 purposes to be incredibly disingenuous at this juncture. As Holly conceded to the existence of the subpoenas, and did not dispute that the Commonwealth had subpoenaed the officer on two separate dates, his current argument that the Commonwealth failed to provide evidence regarding witness unavailability is without merit, as the issuance of the subpoenas was undisputed. The evidence of record established that the officer had been subpoenaed and therefore it was more than a mere assertion by the Commonwealth attorney; it was a concession and stipulation by defense counsel. Nothing more was necessary in order for the trial court to make a finding that the officer had been subpoenaed but was not present. Therefore, any claim in this regard is without merit.

Moreover, although neither party officially offered the subpoenas into evidence, both parties referenced the subpoenas in argument to the court. Additionally, at no time during the Rule 600 hearing did Holly object to the court's consideration of the subpoenas. Furthermore, the record shows the trial court considered the subpoenas as part of its decision. As such, we conclude that the existence of the subpoenas is within the scope of our review, and furthermore that Holly waived any claim that the subpoenas should not be considered when no objection was made at the Rule 600 hearing. ***See Commonwealth v. Jones***, 271 A.3d 452, 457 (Pa. Super. 2021) ("Where a

party does not object to the trial court's consideration of items not formally admitted into evidence despite notice that the trial court viewed the items as evidence on which it could make findings, the objection to consideration of the unadmitted items is waived.") (citation omitted).

As Holly's sole claim on appeal lacks merit, or otherwise is waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2026